1
2
3
4

SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

5
6

Attorneys for Defendants
ADVANCED MEDICAL REVIEWS, LLC and
IME RESOURCES, LLC

7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

12
13
14
15
16
17
18
19
20
21
22

DAVID JORDAN, an individual,

            Plaintiff,

      v.

ADVANCED MEDICAL REVIEWS,
LLC, a California limited liability company
formerly doing business as ADVANCED
MEDICAL REVIEWS, INC.; IME
RESOURCES LLC, a Delaware limited
liability company; and DOES 1 through 20,
inclusive,

            Defendants.

Case No.   2:21-cv-2039

(Los Angeles County Superior Court
Case No. 21STCV04350)

**DEFENDANTS ADVANCED
MEDICAL REVIEWS, LLC AND
IME RESOURCES, LLC'S NOTICE
OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT
COURT PURSUANT TO
DIVERSITY OF CITIZENSHIP
JURISDICTION [28 U.S.C.
SECTIONS 1332 AND 1441]**

Complaint Filed:    February 3, 2021
Trial Date:             None Set

23
24
25
26
27
28

68383028v.7

# **TABLE OF CONTENTS**

Page

I.   BACKGROUND .................................................................................. 1

II.  TIMELINESS OF REMOVAL ........................................................... 2

III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................ 3

IV.  VENUE ........................................................................................... 14

V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT....... 14

VI.  PRAYER FOR REMOVAL ............................................................... 14

i

68383028v.7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*3123 SMB LLC v. Horn,*
  800 F.3d 461 (9th Cir. 2018) .................................................................. 5, 6

*Abrego v. The Dow Chem. Co.,*
  443 F.3d 676 (9th Cir. 2006) ...................................................................... 8

*Ackerman v. Western Elec. Co., Inc.,*
  643 F. Supp. 836 (N.D. Cal. 1986) .......................................................... 10

*Armstrong v. Church of Scientology Int'l,*
  243 F.3d 546 (9th Cir. 2000) ...................................................................... 3

*Behrazfar v. Unisys Corp.,*
  687 F. Supp. 2d 999 (C.D. Cal. 2009) ...................................................... 8

*Boon v. Allstate Ins. Co.,*
  229 F. Supp. 2d 1016 (C.D. Cal. 2002) .................................................... 3

*Cassino v. Reichhold Chemicals, Inc.,*
  817 F.2d 1338 (9th Cir. 1997) ................................................................ 10

*Conrad Assocs. v. Hartford Accident & Indemnity Co.,*
  994 F. Supp. 1196 (N.D. Cal. 1998) .......................................................... 9

*Crum v. Circus Circuit Enters.,*
  231 F.3d 1129 (9th Cir. 2000) ................................................................ 10

*Danjaq, S.A. v. Pathe Commc'ns Corp.,*
  979 F.2d 772 (9th Cir. 1992) ...................................................................... 6

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
  135 S. Ct. 547 (2014) .................................................................................. 8

*Davenport v. Mutual Benefit Health & Accident Ass'n,*
  325 F.2d 785 (9th Cir. 1963) ............................................................... 9, 13

*Davis v. HSBC Bank Nevada, N.A.,*
  557 F.3d 1026 (9th Cir. 2009) .................................................................... 4

*Fritsch v. Swift Transp.,*
  899 F. 3d 785 (9th Cir. 2018) .................................................................. 12

*Galt G/S v. JSS Scandinavia,*
  142 F.3d 1150 (9th Cir. 1998) ............................................................. 9, 12

*Gaus v. Miles, Inc.,*
  980 F.2d 564 (9th Cir. 1992) ...................................................................... 8

ii

68383028v.7

*Glenn-Davis v. City of Oakland*,
 No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) .............................................. 10

*Guglielmino v. McKee Foods Corp.*,
 506 F.3d 696 (9th Cir. 2007) .................................................................................... 8

*Hertz Corp. v. Friend*,
 559 U.S. 77 (2010) ............................................................................................... 4, 5

*James v. Childtime Childcare, Inc.*,
 No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1,
 2007) ...................................................................................................................... 10

*Johnson v. Columbia Props. Anchorage, L.P.*,
 437 F.3d 894 (9th Cir. 2006) ............................................................................... 4, 5

*Johnson v. SmithKline Beecham Corp.*,
 724 F.3d 337 (3d Cir. 2013) ............................................................................. 5, 6, 7

*Juarez v. Autozone Stores, Inc.*,
 No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18,
 2014) ...................................................................................................................... 13

*Kanter v. Warner-Lambert Co.*,
 265 F.3d 853 (9th Cir. 2001) .................................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
 704 F.2d 1088 (9th Cir. 1983) .................................................................................. 3

*Korn v. Polo Ralph Lauren Corp.*,
 536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..................................................................... 8

*Lew v. Moss*,
 797 F.2d 747 (9th Cir. 1986) .................................................................................... 3

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
 119 S. Ct. 1322 (1999) ............................................................................................. 2

*Newcombe v. Adolf Coors Co.*,
 157 F.3d 686 (9th Cir. 1998) .................................................................................... 7

*Rippee v. Boston Market Corp.*,
 408 F. Supp. 2d 982 (S.D. Cal. 2005) ....................................................................... 8

*Sanchez v. Monumental Life Ins. Co.*,
 102 F.3d 398 (9th Cir. 1996) .................................................................................... 8

*Secru v. Laboratory Corp. of America*,
 No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
 2009) ...................................................................................................................... 10

*Thompson v. Big Lots Stores, Inc.*,
 No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) ...................... 11, 13

iii

*Traxler v. Multnomah Cty.*,
  569 F.3d 1007 (9th Cir. 2010) ........................................................................ 10

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ........................................................................... 8

*Ward v. Cadbury Schweppes Bottling Grp.*,
  09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) ........................................ 11

*Washington v. Havensa LLC*,
  652 F.3d 340 (3d Cir. 2011) ............................................................................... 3

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
  No. B185408, 2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) .......... 13

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
  132 Cal. App. 4th 359 (2005) ........................................................................... 12

*Roby v. McKesson Corp.*,
  47 Cal. 4th 686 (2009) ...................................................................................... 13

**Federal Statutes**

28 U.S.C. § 84(c)(2) ............................................................................................... 14

28 U.S.C. § 1332 ....................................................................................................... 1

28 U.S.C. § 1332(a) ............................................................................................ 9, 13

28 U.S.C. § 1332(a)(1) ..................................................................................... 3, 8, 14

28 U.S.C. § 1332(c) .................................................................................................. 4

28 U.S.C. § 1332(c)(1) ........................................................................................... 4, 7

28 U.S.C. § 1441 .................................................................................................... 14

28 U.S.C. § 1441(a) ...................................................................................... 1, 3, 7, 14

28 U.S.C. § 1441(b) .............................................................................................. 1, 7

28 U.S.C. § 1446(a) ............................................................................................... 14

28 U.S.C. § 1446(b) ................................................................................................. 2

28 U.S.C. § 1446(d) ............................................................................................... 14

**State Statutes**

Cal. Bus. & Prof. Code §§ 17200 et seq. .................................................................. 2

Cal. Labor Code § 201 ............................................................................................. 1

iv

68383028v.7

Cal. Labor Code §§ 201-203 ............................................................................ 2

Cal. Labor Code §§ 226 *et seq.* ..................................................................... 2

Cal. Labor Code § 510 .................................................................................... 2

Cal. Labor Code § 1182.12 ........................................................................ 1, 2

Cal. Labor Code § 1194 ............................................................................. 1, 2

Cal. Labor Code § 1194.2 .......................................................................... 1, 2

Cal. Labor Code § 1197 .................................................................................. 2

California Family Rights Act, Gov't Code §§ 12945.2 *et. Seq.* ........................ 1

California Government Code § 12965 ............................................................ 12

Gov't Code §§ 12940 *et seq.* ......................................................................... 1

Gov't Code § 12940(k) ................................................................................... 1

Lab. Code § 98.6 ............................................................................................ 1

Lab. Code § 226.7 .......................................................................................... 2

Lab. Code § 233 ............................................................................................. 1

Lab. Code § 234 ............................................................................................. 1

Lab. Code § 246.5 .......................................................................................... 1

Lab. Code § 512 ............................................................................................. 2

Lab. Code § 1102.5 ........................................................................................ 1

Lab. Code § 1102.6 ........................................................................................ 1

**Other Authorities**

*Aboulafia v. GACN Inc.*,
No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) ........................ 11

*Crawford v. DIRECTV, Inc.*,
No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) ............ 12

*Denenberg v. Cal. Dep't of Transp.*,
No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) ............. 13

*Leimandt v. Mega RV Corp.*,
No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) ...... 11

*Silverman v. Stuart F. Cooper Inc.*,
No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) ........................ 11

v

68383028v.7

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.).........................................11

*Welch v. Ivy Hill Corp.*,
    No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.).........................................11

vi

DEFENDANTS' NOTICE OF REMOVAL

68383028v.7

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAVID JORDAN, AND HIS ATTORNEYS OF RECORD:**

Please take notice that Defendants ADVANCED MEDICAL REVIEWS, LLC and IME RESOURCES, LLC ("Defendants") hereby file this Notice of Removal pursuant to 28 United States Code sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I.   BACKGROUND

1.    On February 3, 2021, Plaintiff David Jordan ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *David Jordan, an individual v. Advanced Medical Reviews, LLC, a California limited liability company formerly doing business as Advanced Medical Reviews, Inc.; IME Resources LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive*, designated as Case No. 21STCV04350. In the Complaint, Plaintiff alleges eighteen causes of action against Defendants: (1) Discrimination in Violation of Gov't Code sections 12940 *et seq.*; (2) Retaliation in Violation of Gov't Code sections 12940 *et seq.*; (3) Failure to Prevent Discrimination and Retaliation in Violation of Gov't Code section 12940(k); (4) Failure to Provide Reasonable Accommodations in Violation of Gov't Code sections 12940 *et seq.*; (5) Failure to Engage in Good Faith Interactive Process in Violation of Gov't Code sections 12940 *et seq.*; (6) Violation of California Family Rights Act, Gov't Code sections 12945.2 *et. Seq.*; (7) Denial of and Discrimination Based upon the Use of Sick Leave (Labor Code sections 233, 234, and 246.5); (8) For Declaratory Judgment; (9) Wrongful Termination in Violation of Public Policy; (10) Retaliation (Labor Code section 98.6); (11) Retaliation for Disclosing Violations of Law (Labor Code sections 1102.5 and 1102.6); (12) Failure to Pay Wages (Cal. Labor Code sections 201, 1182.12, 1194, 1194.2); (13) Failure to Pay

Minimum Wages (Cal. Labor Code sections 1182.12, 1194, 1194.2, 1197); (14) Failure to Pay Overtime Compensation (Cal. Labor Code sections 510, 1194); (15) Failure to Provide Meal (Lab. Code sections 226.7, 512); (16) Failure to Provide Itemized Wage Statements (Cal. Labor Code sections 226 *et seq.*); (17) Waiting Time Penalties (Cal. Labor Code sections 201-203; and (18) Unfair Competition (Cal. Bus. & Prof. Code sections 17200 *et seq.*).

2.     On February 4, 2021, Plaintiff served Defendant Advanced Medical Reviews, LLC ("AMR") with the Summons and Complaint. True and correct copies of the Complaint served on AMR are attached as Exhibit 1 (hereinafter "Compl.").

3.     On February 11, 2021, Plaintiff served Defendant IME Resources, LLC ("IME") with the Summons and Complaint. True and correct copies of the Summons and Complaint served on IME are attached as Exhibit 2.

4.     On March 4, 2021, Defendants filed their Answer to the Complaint in the County of Los Angeles Superior Court. A true and correct unconformed copy of Defendants' Answer filed in the County of Los Angeles Superior Court is attached as Exhibit 3.

5.     Exhibits 1, 2 and 3 constitute all of the pleadings served on Defendants and/or filed by Defendants in the state court action prior to filing this Notice of Removal. (Declaration of Jamie C. Pollaci ["Pollaci Dec."] ¶ 3.) Aside from a Case Management Conference scheduled for June 3, 2021, there are no pending hearings currently scheduled in the County of Los Angeles Superior Court in the state court action. (Pollaci Dec. ¶ 3.)

## II.     TIMELINESS OF REMOVAL

6.     This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon AMR and IME, the moving defendants. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibits 1-2.)

DEFENDANTS' NOTICE OF REMOVAL

68383028v.7

### III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7.     The Court has original jurisdiction of this action under 28 United States Code section 1332(a)(1). As set forth below, this action is removable pursuant to 28 United States Code section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.     **Plaintiff's Citizenship**. "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

9.     Plaintiff's Complaint asserts that he resides in California: "Plaintiff DAVID JORDAN (hereinafter referred to as "Plaintiff") at all times relevant to this action, resided the County of Los Angeles, California." (Compl. ¶ 2.) Throughout Plaintiff's employment with AMR, from December 18, 2017 through February 18, 2019, Plaintiff worked at an office located in California.  (Declaration of Sara LaFlamme ["LaFlamme Dec."] ¶ 3.) Additional evidence that Plaintiff resides in California can be found in the fact that, throughout his employment with AMR, Plaintiff's home address was within the State of California. (LaFlamme Dec. ¶ 4.) There are no documents in Plaintiff's personnel records to suggest in any way that he is currently, or during the period of his employment was, a resident or citizen of any state other than California. (*Id.*) Plaintiff's residence in California is prima facie evidence of his domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (a party's residence is prima facie evidence of her domicile). By asserting his California residence in his Complaint, and providing his California residence to his former employer, Plaintiff has demonstrated "an intent to remain" in California,

establishing Plaintiff's domicile in California. Plaintiff therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California.

10. **Defendants' Citizenship**. AMR and IME are now, and have been ever since this action commenced, citizens of a state other than California. AMR and IME are limited liability companies with one member - ExamWorks, LLC. (LaFlamme Dec. ¶ ¶ 6-7.)

11. ExamWorks, LLC is a limited liability company that at all relevant times during this litigation was organized and existing under the laws of the State of Delaware. (LaFlamme Dec. ¶ 6.)

12. A limited liability company is a citizen of all of the states of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006)("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). ExamWorks, LLC's sole member is ExamWorks Group, Inc.

13. ExamWorks Group, Inc. is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009)("[A] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"). ExamWorks Group, Inc. is a corporation that at all relevant times during this litigation was organized and existing under the laws of the State of Delaware. (LaFlamme Dec. ¶ 8.) Thus, ExamWorks Group, Inc. is a citizen of the State of Delaware.

14. Typically, one determines a corporation's principal place of business with the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, a corporation's principal place of business is where its "officers direct, control

and coordinate the corporation's activities." *Id*. at 92.  A corporation typically directs and coordinates its activities from its headquarters.  *Id*.  However, ExamWorks Group, Inc. is a holding company, which has no employees and conducts no operations. (LaFlamme Dec. ¶ 8.)  A holding company "engages in little activity, so there is little to direct, control, or coordinate." *3123 SMB LLC v. Horn*, 800 F.3d 461, 465 (9th Cir. 2018).  The purpose of a holding company is passive in nature—holding interest in other companies.  Accordingly, the determination of a holding company's citizenship must involve consideration of different factors than the analysis of a normal corporation's citizenship.

15.    A corporation with "quite limited" activities, "consist[ing] primarily of owning its interest in [a limited liability company]" has its principal place of business in the state wherein the corporation holds board meetings. *3123 SMB LLC, supra*, 800 F.3d at 468 (holding that "a recently-formed holding company's principal place of business is the place where it has its board meetings."); *Johnson v. SmithKline Beecham Corp*., 724 F.3d 337, 342 (3d Cir. 2013) (the Third Circuit held that the holding company's principal place of business was the state wherein the holding company's three-member board of directors held quarterly and special board meetings).

16.    While *Hertz* discussed in dictum that a corporation's nerve center is "normally . . . not simply an office where the corporation holds its board meetings," both the Ninth and Third Circuits determined this conclusion is inapplicable to holding companies. *See Hertz*, 559 U.S. at 93.  The Third Circuit explained its reasoning in *Johnson*:

> [T]he kind of board meetings denigrated in Hertz were being considered in the context of a case involving a sprawling operating company, with extensive activities carried out by 11,230 employees at facilities in 44 states.  **For a holding company . . ., relatively short, quarterly board meetings may well be all that is required to direct and control the company's limited work.**  [T]he board generally conducts three tasks at each meeting: (1) it approves or corrects the minutes from the previous meetings, (2) it reviews the company's financial statements with [an] accountant . . ., and (3) it addresses

5

any other business required to come before the meeting, such as authorizing agents to sign documents, making changes to the officers, paying a dividend, or occasionally, restructuring the company's holdings. **Generally, such business is straightforward and takes little time, yet it constitutes [the holding company's] primary activity: managing its assets. The location of board meetings is therefore a more significant jurisdictional fact here than it was in Hertz.**

*Johnson*, 724 F.3d at 354 (citation, and internal quotation marks omitted). This rationale, which the Ninth Circuit adopted in *3123 SMB LLC*, 880 F.3d at 466-67, takes into account the limited activities of a holding company.

17.     However, if a holding company's business is so limited that board meetings are not held or necessary, other factors that show where the corporation is directed from must be assessed to determine the holding company's citizenship. *3123 SMB LLC*, 880 F.3d at 468. The Ninth Circuit has provided little guidance on what these other factors might be, but in 3123 SMB LLC, the Court generally rejected the idea that a holding company's principal place of business be determined by the state in which its officers reside, as "[c]orporations aren't usually directed from their managers' homes." *3123 SMB LLC*, 880 F.3d at 469.

18.     Here, ExamWorks Group, Inc. is one such holding company whose business is so limited that board meetings for this entity are not necessary. (LaFlamme Dec. ¶ 9.) Instead, when necessary, decisions are made by unanimous written consent of the two board directors, both of whom reside in Florida. (*Id.*) Thus, ExamWorks Group, Inc.'s overall executive and administrative functions are not found in the State of California. (*Id.*)

19.     Several courts, including the Ninth Circuit, have rejected the idea that a holding company's never center is where the subsidiary limited liability company's management is based, because that "ignores the well-established rule that a parent corporation maintains separate citizenship from a subsidiary unless it has exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate corporate identities." *3123 SMB LLC*, 880 F.3d at 467; *Danjaq, S.A. v. Pathe*

6

*Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) ("[T]he citizenship of a parent is distinct from its subsidiary where . . . there is no evidence of an alter ego relationship."); see also *Johnson*, 724 F.3d at 351.

20.    Consequently, becuase ExamWorks Group, Inc. does not hold board meetings, it does not maintain office space, and there is no other meaningful evidence of internal corporate governance, ExamWorks Group, Inc.'s principal place of business must be determined based on the state under whose laws it is incorporated.   Accordingly, ExamWorks Group, Inc. is a citizen of the State of Delaware and no other states.  It follows that AMR and IME are also citizens of the State of Delaware.

21.    Even assuming *arguendo* that the residence of ExamWorks Group, Inc.'s board directors should factor into the corporate citizenship analysis, those board directors reside in Florida, not California.

22.    Accordingly, for purposes of diversity of citizenship, AMR and IME are not citizens of the State of California.  Thus, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

23.    Further, in compliance with 28 United States Code section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 United States Code section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

24.    **Amount in Controversy**. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional

DEFENDANTS' NOTICE OF REMOVAL

68383028v.7

minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

25.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

26.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

27.     In determining whether a complaint meets the $75,000 threshold under 28 United States Code section 1332(a), the Court must consider a plaintiff's alleged aggregate general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

28.     The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

29.     **Economic Damages.**  In his Complaint, Plaintiff seeks to recover special damages in an amount "no less than $50,000.00" for lost wages, earnings, commissions, retirement benefits, other employee benefits.  (Compl., Prayer for Relief, ¶ 1.)  Plaintiff alleges he worked as marketing associate for Defendants earning an hourly wage. (Compl ¶¶ 17, 20.) Plaintiff was terminated on February 18, 2019. (Compl. ¶ 33; LaFlamme Decl. ¶ 3.).) Prior to his termination, Plaintiff earned a base hourly rate of $22.50 and he worked an average of 40 hours a week.[1]  (LaFlamme Decl. ¶ 5.)  Conservatively, estimating a February 2022 trial date, and even using Plaintiff's incorrect $22.00 as a base hourly rate, Plaintiff's past lost wages (i.e., back pay) alone would amount to approximately $89,700;

---

[1] Plaintiff inaccurately asserts in his Complaint that at the time of his termination, his base hourly rate was $22.00.  (Compl ¶ 20.)

68383028v.7

i.e. 50 weeks between his separation from IME and the filing of the Complaint, and an additional 52 from the filing of the Complaint through trial.

30.     In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

31.     An award of three years' front pay would entitle Plaintiff to more than $137,200 in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same).  Thus, Plaintiff's allegations of lost wages alone exceed $226,000.

32.     Plaintiff also alleges he is entitled to unpaid overtime of approximately eight hours per week for approximately twelve weeks, or an amount of approximately $3,168. (Compl. ¶ 20.)

33.     Plaintiff also alleges he is entitled to civil penalties for no less than $20,000. (Compl. Prayer for Relief  ¶¶9-10.)

DEFENDANTS' NOTICE OF REMOVAL

68383028v.7

34.     **Emotional Distress Damages.**     In addition to compensatory damages, Plaintiff claims emotional distress damages of "no less than $50,000." (Compl. ¶¶ 37, 47, 59, 65, 73, 81, 95 ["in a sum in excess of the jurisdictional minimum of this Court"], Prayer for Relief ¶ 2 ["no less than $50,000"].) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

35.     In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that,

for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement. **Even according to Plaintiff's own calculations in his Complaint, his alleged economic damages and alleged emotional distress damages, combined, amount to at least $100,000**. (Compl., Prayer for Relief ¶¶ 1-2.)

36. **Attorneys' Fees**. Plaintiff claims statutory entitlement to attorneys' fees. (Compl. ¶¶ 49, 61, 67, 75, 83, 97, 106, 116, 135, 148, 153, 160, 173, 178, Prayer for Relief ¶ 16.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965, the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts six FEHA claims against Defendants in the Complaint. (Compl. First through Sixth Causes of Action.)

37. The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Defendants anticipate that the Parties will propound and respond to written discovery, that depositions will be taken in this case, and that Defendants will file a Motion for Summary Judgment. (Pollaci Dec. ¶ 4.) Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone is "more likely than not" to exceed $75,000, as is typical in discrimination and retaliation cases. Indeed, courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford*

DEFENDANTS' NOTICE OF REMOVAL

*v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims in a discrimination case).

38.    **Punitive Damages**. Plaintiff also seeks punitive damages in the Complaint. (Compl., ¶¶ 38, 48, 60, 66, 74, 82, 96, 126, 133, 143, and Prayer for Relief, ¶ 15.) The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

39.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination cases. *See, e.g., Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

40.    In sum, Plaintiff's aggregated recovery on his claims, including lost wages, emotional distress damages, attorneys' fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendants deny any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 United States Code section 1332(a).

41.    Because diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy between the Parties exceeds $75,000, this Court has original

13

68383028v.7

jurisdiction of the action pursuant to 28 United States Code section 1332(a)(1), and removal is proper.

## IV. VENUE

42.   Venue lies in the United States District Court for the Central District of California, pursuant to 28 United States Code sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Los Angeles. In addition, the action arose in the County of Los Angeles because the location where Plaintiff worked is in Santa Monica, California.  (LaFlamme Decl. ¶ 3.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

43.   Pursuant to 28 United States Code section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VI. PRAYER FOR REMOVAL

44.   Wherefore, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: March 5, 2021                    SEYFARTH SHAW LLP


By: */s/ Jamie C. Pollaci*
Jamie C. Pollaci
Attorneys for Defendants
ADVANCED MEDICAL REVIEWS,
LLC and IME RESOURCES, LLC

DEFENDANTS' NOTICE OF REMOVAL