# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:21-cv-02039-RGK-JC   Document 1   Filed 03/05/21   Page 2 of 60   Page ID #:23

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADVANCED MEDICAL REVIEWS, LLC, a California limited liability company formerly doing business as ADVANCED MEDICAL REVIEWS, INC.; IME RESOURCES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,

| |
|---|
| **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID JORDAN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Los Angeles 111 North Hill Street Los Angeles, California 90012 | **21STCV04350** |

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kaveh S. Elihu, Esq. (SBN 268249)
EMPLOYEE JUSTICE LEGAL GROUP, P.C.
3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010
Telephone: (213) 382-2222, Facsimile: (213) 382-2230

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 02/03/2021 | Clerk, by *(Secretario)* R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ADVANCED MEDICAL REVIEWS, LLC, a California limited liability company formerly doing business as ADVANCED MEDICAL REVIEWS, INC

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code 17061

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |
|---|---|---|

Case 2:21-cv-02039-RGK-JC   Document 1-1   Filed 03/05/21   Page 3 of 60   Page ID #:24
21STCV04350
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Kaveh S. Elihu, Esq. (SBN 268249)
**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
3055 Wilshire Boulevard, Suite 1100
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
DAVID JORDAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| DAVID JORDAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVANCED MEDICAL REVIEWS, LLC, a California limited liability company formerly doing business as ADVANCED MEDICAL REVIEWS, INC.; IME RESOURCES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 21STCV04350<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>3. **FAILURE TO PREVENT DISCRIMINATION, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>6. **VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT, GOV'T CODE §§12945.2 ET. SEQ.;**<br>7. **DENIAL OF AND DISCRIMINATION BASED UPON THE USE OF SICK LEAVE (LABOR CODE §§ 233, 234, AND 246.5);**<br>8. **FOR DECLARATORY JUDGMENT;**<br>9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>10. **RETALIATION (LABOR CODE §98.6);**<br>11. **RETALIATION FOR DISCLOSING** |

-1-

VIOLATIONS OF LAW (LABOR CODE §§ 1102.5, 1102.6);
12. FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1182.12, 1194, 1194.2);
13. FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);
14. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);
15. FAILURE TO PROVIDE MEAL (LAB. CODE §§226.7, 512);
16. FAILURE TO PROVIDE ITEMIZEDWAGE STATEMENTS (CAL. LABOR CODE §§226 ET SEQ.);
17. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND
18. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200 ET SEQ.).

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, DAVID JORDAN**, and for causes of action against Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.     Plaintiff DAVID JORDAN (hereinafter referred to as "Plaintiff") at all times relevant to this action, resided in the County of Los Angeles, California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that Defendant ADVANCED MEDICAL REVIEWS, LLC was and is a California limited liability company formerly doing business as ADVANCED MEDICAL REVIEWS, INC.

1       4.     Plaintiff is informed and believes, and based thereupon alleges, that Defendant IME

2 RESOURCES LLC was and is a Delaware limited liability company.

3       5.     At all times herein, Defendants ADVANCED MEDICAL REVIEWS, LLC and IME

4 RESOURCES LLC were Plaintiff's employer within the meaning of Government Code §§ 12926,

5 subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five

6 (5) or more persons and are therefore subject to the jurisdiction of this Court.

7       6.     At all times herein, Defendants ADVANCED MEDICAL REVIEWS, LLC and IME

8 RESOURCES LLC were Plaintiff's employer within the meaning of the Labor Code and Industrial

9 Welfare Commission Order No. 4-2001.

10       7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of

11 the Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time and

12 therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this

13 Complaint to insert the true names and capacities of said Defendants when the same become known to

14 Plaintiff. Plaintiff is informed and believes, and based thereupon allege, that each of the fictitiously-

15 named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff

16 as alleged hereinafter.

17       8.     ADVANCED MEDICAL REVIEWS, LLC, IME RESOURCES LLC and DOES 1

18 through 20 are referred to collectively as the "Defendants."

19       9.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

20 hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

21 coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other

22 Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within

23 the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or

24 joint venture and with the permission and consent of each of the other Defendants.

25       10.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

26 of them, including those Defendants named as DOES 1 through 20, acted in concert with one another to

27 commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one

28 another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

1   Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges,

2   that Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to

3   which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part

4   of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

5        11.     Whenever and wherever reference is made in this Complaint to any act or failure to act

6   by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

7   and/or failures to act by each Defendant acting individually, jointly and severally.

8        12.     On February 4, 2020, Plaintiff filed a complaint under Government Code §§12940, et

9   seq., the California Fair Employment and Housing Act (hereinafter referred to as the "FEHA") with the

10  California Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"), and

11  has satisfied his administrative prerequisites with respect to these and all related filings. As a result, on

12  February 4, 2020, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

13

14              **ALTER EGO, AGENCY AND JOINT EMPLOYER**

15       13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

16  of interest and ownership between Defendants and DOES 1 through 20 that the individuality and

17  separateness of Defendants have ceased to exist.

18       14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

19  purported corporate existence, Defendants and DOES 1 through 20 are, in reality, one and the same,

20  including, but not limited to because:

21       a.      Defendants are completely dominated and controlled by each other Defendant

22  and DOES 1 through 20, who personally committed the frauds and violated the laws as set forth in

23  this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds,

24  circumvent statutes, or accomplish some other wrongful or inequitable purpose.

25       b.      DOES 1 through 20 and each other Defendant derive actual and significant

26  monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the

27  funding source for their own personal expenditures.

28

1          c.      Plaintiff is informed and believes, and based thereon alleges Defendants and

2   DOES 1 through 20, while really one and the same, were segregated to appear as though separate and

3   distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other

4   wrongful or inequitable purpose.

5          d.      Plaintiff is informed and believes, and based thereon alleges, that Defendants

6   and DOES 1 through 20 do not comply with all requisite corporate formalities to maintain a legal and

7   separate corporate existence.

8          e.      Plaintiff is informed and believes, and based thereon alleges, that the business

9   affairs of Defendants and DOES 1 through 20 are, and at all times relevant were, so mixed and

10  intermingled that the same cannot reasonably be segregated, and the same are in inextricable

11  confusion. Defendants are, and at all times relevant hereto were, used by DOES 1 through 20 as a

12  mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter

13  ego of DOES 1 through 20. The recognition of the separate existence of Defendants and DOES 1

14  through 20 from one another would not promote justice, in that it would permit Defendants to insulate

15  themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other

16  statutory violations.  The corporate existence of Defendants and DOES 1 through 20 should be

17  disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud

18  and injustice to Plaintiff herein.

19      15.     Accordingly, Defendants and DOES 1 through 20 constitute the alter egos of one another,

20  and the fiction of their separate corporate existence must be disregarded.

21      16.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

22  thereon alleges that Defendants and DOES 1 through 20 are Plaintiff's joint employers by virtue of a

23  joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1 through 20. Plaintiff

24  performed services for each and every one of Defendants, and to the mutual benefit of all Defendants,

25  and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the

26  manner in which Defendants' business was and is conducted.

27

28

COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

17.     On or about December 18, 2017, Plaintiff was hired by Defendants as a full-time non-exempt marketing associate.

18.     Plaintiff was a loyal and devoted employee of Defendants and his work performance has been satisfactory and at times above-average. Plaintiff fulfilled, and substantially performed, all of his job duties and all the terms and conditions of employment.

19.     From on or about December 18, 2017 to on or about September 28, 2018, Plaintiff worked five days a week, for a total of approximately 40-48 hours per week.

20.     From on or about December 18, 2017 to on or about September 28, 2018, Plaintiff was paid at a rate of $22.00 per hour. However, from on or about July 1, 2018 to on or about September 28, 2018, Plaintiff was not paid his overtime premium for hours worked beyond 8 in a day or beyond 40 in a week.

21.     From on or about June 1, 2018 to on or about August 15, 2018, Plaintiff was not permitted to take his statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours.

22.     On or about August 2018, Plaintiff complained to Defendants' Human Resources department regarding his supervisor purposely scheduling meetings during Plaintiff's meal breaks to no avail.

23.     On or about September 19, 2018, because of Defendants' inaction toward his supervisor scheduling meetings during his lunch, which Plaintiff believed was racially motivated, Plaintiff reported Defendants' discriminatory conduct to the U.S. Equal Employment Opportunity Commission.

24.     On or about September 26, 2018, Plaintiff suffered a back injury and as result was unable to walk without great difficulty.

25.     On or about September 28, 2018, finding the pain in his back unbearable, Plaintiff visited his medical provider, who diagnosed him to be suffering from two herniated discs. As a result, Plaintiff's medical provider recommended that he undergo medical leave until November 18, 2018 to seek treatment and recuperate and receive physical therapy. Thereafter, Plaintiff informed Defendants of the aforementioned and submitted his medical leave note.

26.     Plaintiff required reasonable accommodations due to his disabilities, including but not limited to being able to take time off of work and medical leave to seek treatment for his disabilities. Plaintiff believes that Defendants provided accrued increments of compensated sick leave as a benefit for employees such as Plaintiff and that Plaintiff had accrued sick leave available. Plaintiff made both oral and written requests for the use of sick leave to diagnose, care for, and/or treat Plaintiff's health condition.

27.     Between on or about September 28, 2018 through on January 4, 2019, Plaintiff's medical leave was routinely extended by his medical provider with Defendants correspondingly informed.

28.     On or about mid-December 2018, Defendants' supervisor contacted Plaintiff to ask why he had not returned to work. Plaintiff explained that he was still on medical leave and had already submitted documentation to Defendants' Human Resources department.

29.     On or about January 7, 2019, Plaintiff contacted Defendants' Human Resources department and informed them that he was in the process of having his medical leave extended. Thereafter, Plaintiff contacted his medical provider about having his medical leave extended, who confirmed that everything was being processed.

30.     On or about February 11, 2019, Plaintiff was contacted by Defendants' Human Resources department, who requested that his medical provider submit his medical leave documentation within a week or else he would be terminated. Plaintiff's medical insurance was not able to approve him to meet with his medical providers to approve his medical leave because Defendants had previously failed to timely provide paperwork to his medical insurance company.

31.     On or about February 13, 2019, Plaintiff contacted Defendants' Human Resources department and informed them that he was still receiving therapy and was in the process of submitting his medical leave documentation.

32.     On or about February 18, 2019, Plaintiff was informed by Defendants' Human Resources that he was being terminated because Plaintiff had ostensibly abandoned his position.

33.     On or about February 18, 2019, Plaintiff was terminated by Defendants. At no time since the separation of his employment has Plaintiff been paid all outstanding wages owed to him.

34. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants and their officers and/or managing agents, including those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

35. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

36. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, and benefits.

37. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

38. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage them, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

### BY PLAINTIFF

### FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

39. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

40. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

41. FEHA requires Defendants to refrain from discriminating against an employee on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave and to prevent discrimination on the basis of the aforementioned protected classes from occurring.

42. Plaintiff was a member of a protected class as a person with a disability engaged in protected activity.

43. At all times relevant hereto, Plaintiff was performing competently in the position he held with Defendants.

44. Plaintiff suffered the adverse employment actions of discrimination, retaliation, denied medical leave, denied reasonable accommodation for a disability, laid-off, terminated and was harmed thereby.

45. Plaintiff is informed and believes that his disabilities and/or perceived disabilities, engagement in protected activities, medical condition and medical leave were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

46. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

47. The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

48. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

49.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## BY PLAINTIFF

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

50.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

51.   At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

52.   These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

53.   Plaintiff engaged in the protected activities of reporting his disabilities and taking medical leave.

54.   Plaintiff suffered the adverse employment actions of discrimination, retaliation, denied medical leave, denied reasonable accommodation for a disability, laid-off, terminated and was harmed thereby.

55.   Plaintiff is informed and believes that his engagement in the aforementioned protected activities were substantial motivating reasons and/or factors in the decision to subject him to the aforementioned adverse employment actions.

56.   Defendants violated the FEHA by retaliating against Plaintiff and terminating his employment for attempting to exercise his protected rights, as set forth hereinabove.

57.   Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other managers.

58.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

-10-

59.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

60.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

61.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION
### BY PLAINTIFF
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
### IN VIOLATION OF GOV'T CODE §12940(k)
### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

62.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

63.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

64.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

65.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

66.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

67.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

68.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

69.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to make reasonable accommodation for the known disability of an employee.

70.     At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because he had a disability that affected his major life activities, of which Defendants had both actual and constructive knowledge.

71.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which he was employed, or could have performed the duties and functions of those positions with reasonable accommodations. At no time would the performance of the functions of the employment positions, with reasonable accommodations for Plaintiff's disability or his disability as they were perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.

1 Accommodation of Plaintiff's disability or disability as they were perceived by Defendants would not
2 have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate
3 Plaintiff and failed to engage in the interactive process with Plaintiff.

4     72.    The above said acts of Defendants constitute violations of the FEHA, and were a
5 proximate cause in Plaintiff's damages as stated below.

6     73.    The damage allegations of the Paragraphs above, inclusive, are herein incorporated by
7 reference.

8     74.    The foregoing conduct of Defendants individually, or by and through their managing
9 agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by
10 Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel
11 and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats,
12 intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to
13 constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive
14 damages in an amount appropriate to punish or make an example of Defendants.

15     75.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
16 attorneys' fees and costs, including expert fees pursuant to the FEHA.

17

18 **FIFTH CAUSE OF ACTION**
19 **BY PLAINTIFF**
20 **FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**
21 **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**
22 **AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

23     76.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as
24 though fully set forth herein.

25     77.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was
26 in full force and effect and was binding upon Defendants. This subsection imposes a duty on
27 Defendants to engage in a timely, good faith, interactive process with the employee to determine
28

1   effective reasonable accommodations, if any, in response to a request for reasonable accommodation by
2   an employee with a known disability or known medical condition.

3       78.     At all relevant times, Plaintiff was a member of a protected class within the meaning of
4   particular Government Code §§12940(a) & 12986(1) et seq. because he had a disability that affected his
5   major life activities, of which Defendant had both actual and constructive knowledge.

6       79.     Plaintiff reported his disability to Defendants, triggering Defendants' obligation to engage
7   in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.

8       80.     The above said acts of Defendants constitute violations of the FEHA, and were a
9   proximate cause in Plaintiff's damages as stated below.

10      81.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by
11  reference.

12      82.     The foregoing conduct of Defendants individually, or by and through their managing
13  agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by
14  Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel
15  and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats,
16  intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to
17  constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive
18  damages in an amount appropriate to punish or make an example of Defendants.

19      83.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
20  attorneys' fees and costs, including expert fees pursuant to the FEHA.

21

22                          **SIXTH CAUSE OF ACTION**
23                                **BY PLAINTIFF**
24          **FOR VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT**
25                       **GOV'T CODE §§12945.2 ET SEQ.**
26      **AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

27      84.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as
28  though fully set forth herein.

                                    -14-

85.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. (the "CFRA") was in full force and effect and was binding upon Defendants and each of them.

86.     At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

87.     CFRA requires Defendants to refrain from retaliating against an employee for engaging in protected activity.

88.     Plaintiff engaged in the protected activity of exercising his right to medical leave.

89.     Plaintiff was not provided the medical leave guaranteed by CFRA.

90.     Plaintiff further suffered the adverse employment actions of discrimination, retaliation, denied medical leave, denied reasonable accommodation for a disability, laid-off, terminated and was harmed thereby.

91.     Plaintiff is informed and believes that exercising his right to medical leave was a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

92.     Defendants violated the CFRA by retaliating against Plaintiff for attempting to exercise his protected rights, as set forth hereinabove.

93.     Plaintiff is informed and believes, and based thereon alleges, that the above act of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

94.     The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

95.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

96.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried

1  on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected

2  Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from

3  interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or

4  coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

5  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

6       97.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

7  attorneys' fees and costs, including expert fees pursuant to the FEHA.

8

9  ### SEVENTH CAUSE OF ACTION

10  ### BY PLAINTIFF

11  ### DENIAL OF AND DISCRIMINATION BASED UPON THE USE OF SICK LEAVE (LABOR

12  ### CODE §§ 233, 234, and 246.5)

13  ### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

14       98.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as

15  though fully set forth herein.

16       99.     Labor Code §233 states that "Any employer who provides sick leave for employees shall

17  permit an employee to use in any calendar year the employee's accrued and available sick leave

18  entitlement, in an amount not less than the sick leave that would be accrued during six months at the

19  employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section

20  246.5."

21       100.     Labor Code §246.5(a) states that upon oral or written request by an employee, an

22  employer shall provide paid sick days for the "Diagnosis, care, or treatment of an existing health

23  condition of, or preventive care for, an employee or an employee's family member."

24       101.     Both Labor Code §233(c) and §246.5(c)(1) state that an employer shall not deny an

25  employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any

26  manner discriminate against an employee for using or attempting to use sick leave to attend to an illness,

27  or for opposing any policy or practice or act that is prohibited by this article.

28

-16-

102.    Labor Code §234 states that "An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233."

103.    This is further emphasized by the fact that Labor Code §246.5(c)(2) creates a "… rebuttable presumption of unlawful retaliation if an employer denies an employee the right to use accrued sick days, discharges, threatens to discharge, demotes, suspends, or in any manner discriminates against an employee within 30 days of … [o]pposition by the employee to a policy, practice, or act that is prohibited by this article."

104.    Labor Code §233(d) states that "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief." Labor Code §233(e) then explicitly creates a private right of action for an employee to seek these remedies, and permits the Court to Plaintiff reasonable attorney's fees if Plaintiff prevails.

105.    Plaintiff attempted to use accrued sick leave to seek treatment for a medical condition. In response, Defendants ultimately terminated Plaintiff.

106.    As a result of Defendants' failure and refusal to comply with Labor Code §§233, 234, and 246.5, Plaintiff is entitled to recover from Defendants actual damages, including emotional distress damages, equitable relief, attorney's fees, and costs.

## EIGHTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR DECLARATORY JUDGMENT

## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

107.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

108.    Government Code §12920 sets forth the public policy of the State of California as follows:

-17-

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

109.   Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

110.   Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

111.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate or retaliate against Plaintiff; that Plaintiff was not terminated as a result of his disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical

-18-
COMPLAINT FOR DAMAGES

1  leave and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did

2  discriminate and retaliate against him on the basis of his disabilities and/or perceived disabilities,

3  engagement in protected activities, medical condition, medical leave and/or some combination of these

4  protected characteristics; and that he was ultimately wrongfully terminated and denied reinstatement as a

5  result of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that

6  Defendants shall dispute Plaintiff's contentions.

7      112.   Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of

8  his rights and duties, and a declaration that Defendants discriminated against him on the basis of

9  disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical

10  leave, and/or some combination of these protected characteristics.

11      113.   Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of his

12  rights and duties, and a declaration that his disabilities and/or perceived disabilities, engagement in

13  protected activities, medical condition, medical leave, and/or some combination of these protected

14  characteristics was a substantial motivating factor in the decisions to subject his to the aforementioned

15  adverse employment actions.

16      114.   A judicial declaration is necessary and appropriate at this time under the circumstances in

17  order that Plaintiff, for himself and on behalf of employees in the State of California and in conformity

18  with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to

19  condemn such discriminatory employment policies or practices prospectively.  *Harris v. City of Santa*

20  *Monica* (2013) 56 Cal.4th 203.

21      115.   A judicial declaration is necessary and appropriate at this time such that Defendants may

22  also be aware of their obligations under the law to not engage in discriminatory practices and to not

23  violate the law in the future.

24      116.   Government Code §12965(b) provides that an aggrieved party, such as Plaintiff herein,

25  may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the

26  court, in its discretion, may award to the prevailing party, including the department, reasonable

27  attorney's fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved

28  party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## NINTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR WRONGFUL TERMINATION

## IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

117.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

118.    At all times mentioned in this Complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating or retaliating against any employee on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, and medical leave.

119.    At all times mentioned in this Complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, and medical leave.

120.    At all relevant times mentioned in this complaint, the CFRA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating or retaliating against any employee on the basis of the use of CFRA leave.

121.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave.

122.    Plaintiff believes and based thereon alleges that his disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

123.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave, and/or some combination thereof, were a proximate cause in Plaintiff's damages as stated below.

124.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating his employment in discrimination of his protected classes and in retaliation for his exercise of protected rights.

125.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

126.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

**TENTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION**

**LABOR CODE §98.6**

**AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

127.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

128.     At all times hereto, Labor Code §98.6 was in full force and effect, and was binding upon Defendants. These laws prohibit an employer from discharging an employee or in any manner discriminating, retaliating, or taking any adverse action against any employee because, among other things, of the exercise by the employee on behalf of himself of rights afforded to him.

129.     During Plaintiff's employment, Plaintiff complained regarding Defendants' Labor Code violations.

-21-

COMPLAINT FOR DAMAGES

130.   Defendants terminated Plaintiff because of Plaintiff's complaints and because Plaintiff exercised his rights under the Labor Code.

131.   Said conduct violates Labor Code §98.6, and such violations were a proximate cause in Plaintiff's damage as stated below.

132.   The damage allegations above, inclusive, are herein incorporated by reference.

133.   The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

134.   In addition to all other remedies available to Plaintiff, Plaintiff is entitled to a civil penalty of $10,000.00 pursuant to Labor Code §98.6(b)(3), for Defendant's violation of Labor Code §98.6.

135.   Pursuant to Labor Code §1194, Plaintiff requests a reasonable award of attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR RETALIATION FOR DISCLOSING VIOLATIONS OF LAW
## LABOR CODE §§1102.5, 1102.6
## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

136.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

137.   At all times hereto, Labor Code §1102.5 was in full force and effect, and was binding upon Defendants. These laws prohibit an employer, or any person acting on behalf of the employer, from adopting, or enforcing any rule, regulation, or policy preventing an employee from disclosing

1  information to a government or law enforcement agency, to a person with authority over the employee,

2  or to another employee who has authority to investigate, discover, or correct the violation or

3  noncompliance, or from providing information to, or testifying before, any public body conducting an

4  investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information

5  discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or

6  federal rule or regulation, regardless of whether disclosing the information is part of the

7  employee's job duties.

8      138.   Further, Labor Code §1102.5 also prohibits an employer, or any person acting on behalf

9  of the employer, from retaliating against an employee for disclosing information, or because the

10  employer believes that the employee disclosed or may disclose information, to a government or law

11  enforcement agency, to a person with authority over the employee or another employee who has the

12  authority to investigate, discover, or correct the violation or noncompliance, or for providing

13  information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if

14  the employee has reasonable cause to believe that the information discloses a violation of state or federal

15  statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of

16  whether disclosing the information is part of the employee's job duties.

17      139.   On or about August 2018, Plaintiff complained to Defendants' Human Resources

18  department regarding his supervisor purposely scheduling meetings during Plaintiff's meal breaks,

19  resulting in his termination which is in breach of Labor Code §1182.12.

20      140.   On or about September 19, 2018, because of Defendants' inaction toward his supervisor

21  scheduling meetings during his lunch, which Plaintiff believed was racially motivated, Plaintiff reported

22  Defendants' discriminatory conduct to the U.S. Equal Employment Opportunity Commission, resulting

23  in his termination which is in breach of Labor Code §1182.12.

24      141.   Defendants subjected Plaintiff to adverse employment actions in retaliation for the

25  aforementioned, including discrimination, retaliation, denied medical leave, denied reasonable

26  accommodation for a disability, laid-off and terminated.

27      142.   The damage allegations above, inclusive, are herein incorporated by reference.

28

COMPLAINT FOR DAMAGES

143.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

144.    In addition to all other remedies available, Plaintiff is entitled to a civil penalty of $10,000.00 pursuant to Labor Code §1102.5(f), for each of Defendant's violation of Labor Code §1102.5.

## TWELFTH CAUSE OF ACTION
### BY PLAINTIFF
### FOR FAILURE TO PAY WAGES DUE
### LABOR CODE §§201, 1182.12, 1194, 1194.2
### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

145.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

146.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11040, as set forth hereinabove. As alleged herein, Defendants routinely failed to Plaintiff the requisite minimum wage for all hours worked, failed to pay Plaintiff his overtime premium for hours worked beyond 8 in a day or 40 per week, and an additional hour of compensation at his regularly hourly rate for each day on which he was not provided a statutory meal a period.

147.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

148.   Plaintiff has been deprived of his rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR FAILURE TO PAY MINIMUM WAGES
## LABOR CODE §§1182.12, 1194, 1194.2, 1197
## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

149.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

150.   Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.

151.   At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12. Despite this, Defendants did not pay Plaintiff his requisite minimum wages. Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

152.   Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the applicable minimum wage, including interest thereon.

153.   Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

154.   In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid in the amounts set forth above, and interest thereon.

## FOURTEENTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR FAILURE TO PAY OVERTIME COMPENSATION

## LABOR CODE §§510, 1194, 1194.2

## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

155.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

156.   Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week.

157.   At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

158.   At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

159.   As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

160.   Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## FIFTEENTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR FAILURE TO PROVIDE MEAL PERIODS

## LABOR CODE §§226.7 AND 512

## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

161.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

162.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

163.     Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods on each day of work.

164.     At all relevant times, Defendants failed and refused to provide Plaintiff with meal breaks during his work shifts, and failed to compensate Plaintiff for missed meal periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001.

165.     As alleged herein, Plaintiff is not exempt from the meal break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001. Consequently, Plaintiff is owed one hour of pay at his regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that he was denied such meal periods.

166.     Plaintiff has been deprived of his rightfully earned compensation for meal breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

167.     Plaintiff is entitled to recover amounts pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## SIXTEENTH CAUSE OF ACTION

### BY PLAINTIFF

### FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS

### LABOR CODE §§226 ET SEQ.

### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

168.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

169.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50 in civil penalties for the

COMPLAINT FOR DAMAGES

1   initial pay period in which a violation occurred, and $100 per employee for each subsequent pay period,

2   up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to

3   suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

4   170.   At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate

5   wage and hour statements showing gross wages earned, total hours worked, all deductions made, net

6   wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and

7   rates in effect during each pay period and the corresponding number of hours worked at each hourly rate

8   by Plaintiff. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

9   171.   This failure has injured Plaintiff, by misrepresenting and depriving him of hour, wage,

10   and earnings information to which he is entitled, causing him difficulty and expense in attempting to

11   reconstruct time and pay records, causing him not to be paid wages he is entitled to, causing him to be

12   unable to rely on earnings statements in dealings with third parties, eviscerating his right under Labor

13   Code §226(b) to review itemized wage statement information by inspecting the employer's underlying

14   records, and deceiving his regarding his entitlement to his owed wages.

15   172.   From on or about June 1, 2018 to on or about September 28, 2018, Plaintiff was paid bi-

16   weekly, and therefore Defendants violated Labor Code §226 approximately 9 times during this time

17   period. Consequently, Defendants are liable to Plaintiff for $850.00 in damages for his injuries.

18   173.   Based on Defendants' conduct as alleged herein, Defendants are liable for damages and

19   statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and

20   other applicable provisions, as well as attorneys' fees and costs.

21

22   **SEVENTEENTH CAUSE OF ACTION**

23   **BY PLAINTIFF**

24   **FOR WAITING TIME PENALTIES**

25   **LABOR CODE §§201-203**

26   **AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE**

27   174.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as

28   though fully set forth herein.

-28-

175.   At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required.  These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of his employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

176.   As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

177.   As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of his minimum wages, overtime, meal periods as previously pleaded herein, in wait time penalties, calculated based on 30 days of Plaintiff's normal hourly rate of $22.00 per hour, including overtime.

178.   Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

## EIGHTEENTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR UNFAIR COMPETITION
## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

179.   Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

180.   Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code §§201, 203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages; Defendants' failure to provide meal breaks; Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely

-29-

manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

181.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

182.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the other monies and benefits unlawfully withheld from him.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof, as follows:

1.    At this preliminary stage, Plaintiff is uncertain of the total amount owed, but is informed and believes it to be no less than $50,000.00 for special damages, including a money judgment representing compensatory damages for lost wages, earnings, commissions, retirement benefits, other employee benefits, all other sums of money, and pre-judgment interest on these amounts;

2.    At this preliminary stage, Plaintiff is uncertain of the total amount owed, but is informed and believes it to be no less than $50,000.00 for general damages, including for mental pain and anguish and emotional distress;

3.    For payment of underpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 4-2001, in an amount to be determined at the time of trial;

4.    For liquidated damages pursuant to Labor Code §1194.2 in an amount to be determined at the time of trial, plus interest;

5.    For payment of unpaid overtime compensation pursuant to Labor Code §§510, 558, and Industrial Welfare Commission Order No. 4-2001, in an amount to be determined at the time of trial;

6.      For payment of meal compensation pursuant to Labor Code §226.7, in an amount to be determined at the time of trial;

7.      For damages pursuant to Labor Code §226 in the amount of no less than $850.00;

8.      For waiting time penalties pursuant to Labor Code §§201-203, in an amount to be determined at the time of trial;

9.      For a civil penalty pursuant to Labor Code §1102.5(f), for no less than of $10,000.00;

10.     For a civil penalty pursuant to Labor Code §98.6(b)(3) of $10,000.00;

11.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

12.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

13.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future;

14.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, failure to pay wages and other compensation in accordance with the law;

15.     For punitive damages, pursuant to Civil Code §3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

16.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

17.     For post-judgment interest; and

18.     For any other relief that is just and proper.

DATED: February 3, 2021                **EMPLOYEE JUSTICE LEGAL GROUP, P.C.**


By: _____
        Kaveh S. Elihu, Esq.
        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims as provided by California law.

1     DATED: February 3, 2021            **EMPLOYEE JUSTICE LEGAL GROUP, P.C.**

2

3                             By: 

4                                Kaveh S.  Elihu, Esq.
                               Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2021 03:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:21-cv-02039-RGK-JC   Document 1-1   Filed 03/05/21   Page 35 of 60   Page ID #:56

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kaveh S. Elihu, Esq. (SBN 268249)<br>EMPLOYEE JUSTICE LEGAL GROUP, P.C.<br>3055 Wilshire Boulevard, Suite 1100<br>Los Angeles, California 90010<br>   TELEPHONE NO.:(213) 382-2222    FAX NO.:(213) 382-2230<br>ATTORNEY FOR *(Name):* David Jordan | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
   STREET ADDRESS: 111 North Hill Street
   MAILING ADDRESS:
   CITY AND ZIP CODE: Los Angeles, California 90012
   BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jordan v. Advanced Medical Reviews, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV04350<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

**2. This case** [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial post judgment judicial supervision

**3. Type of remedies sought** *(check all that apply):*
  a. [X] monetary    b. [X] non monetary; declaratory or injunctive relief    c. [X] punitive

**4. Number of causes of action** *(specify):* Eighteen (18)

**5. This case** [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 3, 2021

Kaveh S. Elihu, Esq.
     (TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400 - 3.403;<br>Standards of Judicial Administration, § 19 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal
Injury/Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice-
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach-Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quite Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or
Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally
complex case type listed above*)
(41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgement (Out of
County)
Confession of Judgement (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*)
(43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief for Late
Claim
Other Civil Petition

| SHORT TITLE: Jordan v. Advanced Medical Reviews, LLC, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Jordan v. Advanced Medical Reviews, LLC, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐  A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐  A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐  A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐  A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐  A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐  A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑  A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐  A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐  A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐  A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐  A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐  A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐  A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐  A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐  A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐  A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐  A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐  A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐  A6032  Quiet Title | 2, 6 |
| | | ☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Jordan v. Advanced Medical Reviews, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Jordan v. Advanced Medical Reviews, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. ✓ 2.   3.   4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS:<br>3055 Wilshire Boulevard |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90010 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __February 3, 2021__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/03/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV04350 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/03/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL                        )
                                 )
                                 )
                                 )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019          

11                                                    KEVIN C. BRAZILE

12                                                    Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇Los Angeles County Bar Association Litigation Section◇

◇ Los Angeles County Bar Association
Labor and Employment Law Section◇

◇Consumer Attorneys Association of Los Angeles◇

◇Southern California Defense Counsel◇

◇Association of Business Trial Lawyers◇

◇California Employment Lawyers Association◇

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii.  Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    i.   Also be filed on the approved form (copy attached);

    ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____              ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY<br><br><br>TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

        • **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
        • **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
        • **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
          ○ Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

    b.  **Los Angeles County Dispute Resolution Programs**
        https://wdacs.lacounty.gov/programs/drp/
        • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
          ○ Free, day-of-trial mediations at the courthouse. No appointment needed.
          ○ Free or low-cost mediations before the day of trial.
          ○ For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the
            day of trial visit
            http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-
            EngSpan.pdf

    c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use