# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02039-RGK-JC | Date | May 17, 2021 |
|---|---|---|---|
| Title | *David Jordan v. Advanced Medical Reviews, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand and Leave to File First Amended Complaint [DE 9]

## I. INTRODUCTION

David Jordan ("Plaintiff") sued Advanced Medical Review, LLC, Advanced Medical Review, Inc., and IME Resources, LLC (collectively, "Defendants") and DOES 1-50 in state court. Plaintiff brought 18 state law claims based on his firing and Defendants' alleged failure to adequately compensate him while he worked there. Defendants removed this action to federal court on diversity jurisdiction.

Plaintiff now seeks leave to amend his complaint to add Jennifer Watkins, Megan Kaufman, and Sara LaFlamme as defendants and add additional claims based on purported violations of California Labor Code § 558.1. Adding these new defendants would destroy diversity because Watkins and Kaufman, like Plaintiff, are citizens of California.

Now before the Court is Plaintiff's Motion to Remand and Leave to File First Amended Complaint. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Staring in December 2017, Plaintiff worked for Defendants as a full-time marketing associate. During that time, Defendants paid Plaintiff an hourly wage, and he usually worked between 40-48 hours per week. But around July 2018, Defendant did not pay Plaintiff the required overtime rate for the days he spent working over 8 hours or the weeks he worked over 40 hours. Around June or August 2018, Defendants also prohibited Plaintiff from taking his required meal breaks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02039-RGK-JC | Date | May 17, 2021 |
|---|---|---|---|
| Title | *David Jordan v. Advanced Medical Reviews, LLC et al* | | |

Then in September 2018, Plaintiff complained to Defendants' Human Resources department that his supervisor was purposefully scheduling meetings during his meal breaks. Yet HR failed to alleviate his complaints. Believing his supervisor's conduct was racially motivated, Plaintiff reported the discriminatory conduct to the Equal Employment Opportunity Commission ("EEOC").

A week after speaking with the EEOC, Plaintiff suffered a back injury that made it difficult for him to walk. He was eventually diagnosed with two herniated disks, which required him to take medical leave. Plaintiff informed Defendants of his need and submitted medical documents to verify this requirement.

Between September 2018 to January 2019, Plaintiff's doctors extended his medical leave. In January, Plaintiff sought to extend his medical leave again, and he called his doctors to confirm that everything had been processed. But in February 2019, Defendants informed him that he had not timely submitted his medical documents, and if he did not submit them within a week, he would be fired. Two days later, Plaintiff contacted Defendants to tell them he was still being treated for his herniated disks and that he was trying to submit the appropriate documents. But five days after, Defendants fired Plaintiff. And even upon discharge, Defendants still have not paid Plaintiff his outstanding wages.

This suit followed.

### III.  JUDICIAL STANDARD

Generally, Federal Rule of Civil Procedure ("Rule") 15(a) governs leave to amend. It dictates that courts must "freely give leave to amend absent any apparent or declared reason—such as undue delay bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment or other showings." *Murphy v. American Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (internal quotation marks omitted) (internal citation omitted).

"However, where a proposed amendment would add a non-diverse party after removal—thereby precluding existing, diversity jurisdiction—there is a greater discretion in determining whether to allow the amendment." *Id.* (citing 28 U.S.C. § 1447(e)); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087–1088 (C.D. Cal. 1999) (noting that once a case has been removed to federal court Rule 15(a)'s presumption of validity cannot apply, and instead courts must scrutinize under 28 U.S.C. § 1447(e)). Under 28 U.S.C. § 1447(e), when a plaintiff seeks to join another defendant after removal, it is within the court's discretion whether to permit joinder of a party that will destroy diversity jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The court may "deny joinder[ ] or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02039-RGK-JC | Date | May 17, 2021 |
|---|---|---|---|
| Title | ***David Jordan v. Advanced Medical Reviews, LLC et al*** | | |

**IV.    DISCUSSION**

As a preliminary point, Plaintiff raises two arguments in his Motion. First, the removal was improper because Defendants based the Notice of Removal on inadmissible hearsay and Defendants failed to prove that the amount in controversy was over $75,000. (Mot. Remand at 6–9, ECF No. 9). Second, he argues that even if the removal were proper, the Court should still remand the action because he wants to add defendants that would destroy diversity. (*Id.* at 9). The Court need not address Plaintiff's first argument because his second would be dispositive if the Court were to agree with him. The Court therefore considers whether it should grant Plaintiff leave to amend first.

Generally, when deciding whether to grant leave to amend, courts must be aware of Rule 15(a)'s presumption that leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has directed that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). And the Supreme Court has provided district courts with five factors to consider when deciding a motion for leave to amend under Rule 15(a): (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether there are previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Undue prejudice to the opposing party carries the most weight, and the burden is on the opposing party to show prejudice. *Eminence*, 316 F.3d at 1052.

Some courts, however, apply a different standard when a plaintiff requests leave to amend after removal, and the plaintiff also seeks to add parties that would destroy subject matter jurisdiction. *See Chan v. Bucephalus Alt. Energy Grp., LLC*, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009) ("To apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action. Instead a court must scrutinize the plaintiff's amendment pursuant to 28 U.S.C. § 1447(e)"). This standard, analyzed under 28 U.S.C. § 1447(e), grants the district court more discretion to not allow amendment. Courts also consider six different factors when addressing this issue: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a), (2) whether the statute of limitations would preclude an original action against the new defendants in state court, (3) whether there has been unexplained delay in requesting joinder, (4) whether joinder is intended solely to defeat federal jurisdiction, (5) whether the claims against the new defendant appear valid, and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs. v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) ("*IBC*"); *see, e.g., Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

While the Court notes these distinctions, it need not decide which test is more appropriate here because both parties have briefed the issue based on Rule 15(a). Thus, Rule 15(a)'s more liberal amendment standard will apply. Without a showing of any of the five reasons for denying leave, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02039-RGK-JC | Date | May 17, 2021 |
|---|---|---|---|
| Title | *David Jordan v. Advanced Medical Reviews, LLC et al* | | |

### A. Prejudice to Defendants

The Court begins its analysis with prejudice as it is the most important factor. *Eminence*, 316 F.3d at 1052. "'Prejudice,' in the context of a motion to amend, means 'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC v. Cryptozoic Ent., LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). "Other courts have found prejudice when the amendment came on the eve or close of discovery; when there were many previous efforts to amend; and when the amendment was brought to destroy diversity and the jurisdiction of the court." *Abel v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005).

Defendants do not even argue in their Opposition that they would be prejudiced by granting leave to amend, thereby effectively conceding the lack of prejudice. But even if they had argued prejudice, those arguments would be unavailing. For one, the case is still in its nascent stages—the Court has not even conducted a status conference to lay out the important deadlines like the discovery and motion cutoff. There would therefore be little change in how the parties litigate this case. Nor has either party previously sought leave to amend. As for the final possibility of prejudice—"when amendment was brought to destroy diversity"—the Court "declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." *IBC*, 125 F. Supp. 2d at 1012.

Without prejudice, there must be a strong showing of the other factors for the Court to deny leave to amend. *See Eminence*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

### B. Bad Faith

"In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast*, 309 F.R.D. at 651; *see also Dexcom, Inc. v. AgaMatrix, Inc.*, No. CV 16-05947 SJO (ASx), 2017 WL 3433543, at *7 (C.D. Cal. Feb. 3, 2017) (adopting *Wizard*'s definition of "bad faith").

Defendants mainly argue that Plaintiff's attempt to add non-diverse parties is evidence of bad faith. But, as explained above, the Court will not "impute an improper motive to Plaintiff simply because [he] seeks to add a non-diverse defendant post-removal." *IBC*, 125 F. Supp. 2d at 1012. Defendants also makes much ado about Plaintiff's, admittedly, poor wording in his Motion: "Since this case was originally filed, Plaintiff has learned more information about Defendants' alleged corporate structure through Defendants' removal. Due to this, Plaintiff determined it was both necessary and in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02039-RGK-JC | Date | May 17, 2021 |
|---|---|---|---|
| Title | *David Jordan v. Advanced Medical Reviews, LLC et al* | | |

best interest to amend his Complaint to add the individual[s] . . . ." (Mot. Remand at 12). But just a few sentences later, Plaintiff explained that his desire to add new defendants "primarily arose out of Plaintiff's concern that Defendants, allegedly being subsidiaries of other companies, may be under-capitalized, including because Defendants have previously changed their name multiple times during the pendency of Plaintiff's employment as well." (Mot. Remand at 13). The Court sees no reason to doubt Plaintiff's explanation.

In sum, there does not appear to be any bad faith on the part of Plaintiff in seeking amendment.

### C. Unexplained Delay

Nor is there any unexplained delay. Plaintiff sought leave to amend his complaint only 2 months after the case was first brought in state court and within a month of the case's removal to this Court. Thus, this factor favors granting leave to amend.

### D. Futility

"Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (quoting *Woods v. First Am. Title, Inc.*, No. CV 11-1284 GHK (VBKx), 2011 WL 13218022, at *2 (C.D. Cal. Sep. 20, 2011)).

Defendants contend that Plaintiff's amendments would be futile because he has not sufficiently alleged that any of the new defendants are Defendants' managing agents. The Court disagrees. Plaintiff asserts that Watkins scheduled Plaintiff's meetings and set his work schedule. (Proposed First Amended Complaint ("FAC") ¶ 28, Exhibit 2, ECF No. 9-1). He alleges that Kaufman was a general manager and set scheduling and payroll policy. (*Id.*) As for LaFlamme, Plaintiff avers that she was Defendants' Human Resources Business Partner because he repeatedly interacted with her, and she signed the letter to fire him. (*Id.* ¶¶ 31–41).

Thus, Plaintiff has sufficiently alleged that these new Defendants were Defendants' managing agents. His new claims are therefore not futile.

### E. Previous Amendments

There have been no previous amendments in this case. As a result, this factor also favors granting Plaintiff leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-02039-RGK-JC | Date | May 17, 2021 |
|---|---|---|---|
| Title | *David Jordan v. Advanced Medical Reviews, LLC et al* | | |

### F. Result

At bottom, only two factors might favor Defendants and deny leave to amend: bad faith, insofar as Plaintiff hopes to destroy diversity, and futility. Even if the Court were to grant Defendants those factors (it does not), there must be a *strong* showing of those factors to deny leave to amend. *See Eminence*, 316 F.3d at 1052. There is not. Given Rule 15(a)'s liberal amendment policy, the Court grants Plaintiff leave to amend his complaint.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. Plaintiff shall file the FAC to the Court's docket within **1 day of this Order's issuance**. (Exhibit 2, ECF No. 9-1). Since the FAC now alleges non-diverse parties, the Court no longer has subject matter jurisdiction in this case. Thus, the Court also **REMANDS** this action to state court for lack of subject matter jurisdiction once Plaintiff has filed his FAC.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer